20132

John TOLLISON, Respondent, v. DUKE POWER COMPANY, Appellant.

(220 S. E. (2d) 878)

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellant,* cite:

*Messrs. Doyle, and Palmer,* of Anderson, *for Respondent,* cite:

*Messrs. Watkins, Vandiver, Kirven, Long & Gable,* of Anderson, *for Appellant, in Reply.*

December 16, 1975.

LEWIS, Chief Justice:

Respondent recovered judgment against appellant, Duke Power Company, for fire damage to a building, allegedly caused by appellant's negligent and willful failure to maintain a nearby fire hydrant in operable condition. Among other assignments of error, appellant contends that the trial judge should have granted its timely motion for a directed verdict because there was no evidence to sustain a causal

connection between the failure of the hydrant to operate and the fire damage; and that the judgment rendered against it should be set aside. Since we sustain this ground of appeal, it is unnecessary to consider other charges of error.

Respondent installed a private water system to service the residents of a subdivision owned by him in Anderson County. He subsequently sold this water system to appellant and a part of the consideration consisted of the installation by appellant of a fire hydrant to provide fire protection to the subdivision. Later, a dispute arose between the parties concerning payment for water service to the fire hydrant and, upon respondent's refusal to pay the service charge, appellant cut off the supply of water to the hydrant.

On March 20, 1971, a fire occurred in a building owned by respondent. This building was located just outside of the subdivision, about five hundred (500) feet from the dry hydrant. Three volunteer fire departments arrived to fight the fire utilizing several trucks and numerous firemen. They succeeded in controlling the blaze but only after the building was damaged in the amount of approximately $18,000.00.

When the fire fighting units arrived, they began pumping water on the fire from the supply carried by them to the scene in tankers. Shortly thereafter an unsuccessful attempt was made by one of the crews to obtain water from the dry hydrant. A connection was then made to another hydrant several hundred feet further away.

Respondent contended that the failure to obtain a water supply from the inoperable hydrant, necessitating loss of time in connecting to a hydrant further away from the building, allowed the fire to increase in intensity and spread, causing a greater loss to his property. He concedes that the connection to the more distant hydrant was made within sixteen (16) minutes after the arrival of the fire fighting units and that thereafter there was an "ample and uninterrupted supply of water." Therefore, any causal connection between the inoperable hydrant and any failure to sooner

extinguish the fire had to take place within the first sixteen' (16) minutes after the firemen arrived. We find no testimony to sustain the conclusion that the inability to obtain a water supply from the first hydrant contributed in any manner to respondent's loss.

The testimony is uncontradicted that the firemen had an ample supply of water in their trucks to fight the fire until a connection was made to the second hydrant. They never ran out of water or suffered a loss of pressure. All of the firemen further testified that they were able to employ all fire fighting procedures deemed necessary and that the dry hydrant had no effect upon their efforts to extinguish the fire.

Assuming a duty on the part of appellant to provide a supply of water to the hydrant in question, respondent could not recover unless the failure of appellant to perform such duty was a proximate cause of the damages alleged. The mere fact that appellant had cut off the supply of water to the hydrant is alone insufficient to establish that respondent's damages resulted therefrom.

Since there was no evidence to establish a causal relationship between the inoperable hydrant and the damage to respondent's building from fire, the trial judge should have granted appellant's motion for a directed verdict.

The judgment is accordingly reversed and the cause remanded for entry of judgment for appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.